### 14471. WARE v. THE STATE.

An indictment charging the unlawful removal of a dead body " from its grave and place of interment" was not supported where the evidence failed to show that the body was removed from the grave, but showed that the body was merely lifted up in the grave and there taken out of its coffin and laid back in its place when the coffin was being stolen.

A material averment of the indictment not having been sustained by the proof, the conviction of the defendant was contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

             DECIDED JUNE 12, 1923.

Indictment for removing dead body; from Fulton superior court — Judge Humphries. March 17, 1923.

*Thomas B. Brown,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BROYLES, C. J. The defendant and two other persons were jointly indicted for a felony. The indictment was drawn under section 408 of the Penal Code of 1910, and charged that the defendant and the other two persons " with force and arms, did wilfully, unlawfully and feloniously *remove* the dead body of a human being, to-wit, Laura Perry, *from its grave and place of interment* in said county, from mere wantonness, without any intention or purpose of selling or dissecting the said body, but with the intention of obtaining the casket in which the said dead body had been buried, the said accused not having any right to the pos-

session of the said casket, and not having any right to *remove the said dead body from its grave and place of interment* as aforesaid." (Italics ours).

Upon the trial the undisputed evidence showed that the body of Laura Perry was not *removed from its grave,* but that, after the grave had been dug open, the top of the plain box (which contained the casket) was taken off, the lid of the casket removed, the body lifted up in the box, and the casket slipped out from under the body, the body being laid back in the plain box, the top of the box replaced, and the grave then refilled with dirt. The evidence showed conclusively that the body was never *removed from the grave,* but merely lifted up in the grave while the casket was being removed and stolen. It is elementary law that criminal statutes must be strictly construed, and it is obvious that the mere lifting up of a body in a grave is not covered by the statute (Penal Code of 1910, § 408) which makes the *removal* of a dead body *from its grave* a criminal offense.

While the act of the defendant in this case was a most heinous and ghoulish one, it is apparently not a criminal offense under any existing law of force in this State. It is to be hoped that our lawmaking body will promptly remedy this defect.

Conceding (but not deciding) that the demurrer to the indictment was properly overruled, the material averment in the indictment that the accused *removed* the body *from its grave* was not sustained by the proof, and the conviction of the defendant was contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

In view of the above ruling it is unnecessary to consider the special grounds of the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*